UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JONATHAN KAGAN-KANS,

Plaintiff,

v.

DEPARTMENT OF JUSTICE, et al.,

Defendants.

Civil Action No. 17-1380 (ACR)

## DEFENDANTS' REQUEST FOR PRE-MOTION CONFERENCE

Defendants, the Department of Justice and Federal Bureau of Investigation, "request that the Court schedule a pre-motion conference." *See* Standing Order (ECF No. 4) ¶ 7(f).[1] Plaintiff Jonathan Kagan-Kans seeks information related to an investigation and prosecution of Daryl Lawrence (ECF No. 1). Defendants performed a reasonable and sufficient search, properly applied FOIA and Privacy Act exemptions, and have produced all reasonably segregable, nonexempt portions of the responsive records and now seek summary judgement under Federal Rule of Civil Procedure 56.

An agency is entitled to summary judgment in a FOIA case if it demonstrates: (1) that it has conducted an adequate search for responsive records; and (2) each responsive record that it has located either has been produced to the plaintiff or is exempt from disclosure. *See Weisberg v. DOJ*, 627 F.2d 365, 368 (D.C. Cir. 1980).

The FBI's search for responsive records was reasonable and adequate. *See Meeropol v. Meese*, 790 F.2d 942, 956 (D.C. Cir. 1986). Given the information provided in Plaintiff's FOIA

---

[1] Defendants understand that filing this pre-motion notice consistent with the Court's standing order will prompt the Court to schedule a pre-motion conference and establish a briefing schedule for any motion resulting from this filing.

request and the nature of the information requested, the FBI conducted a search of all files and locations likely to contain relevant and responsive documents and records using methods reasonably expected to uncover all relevant and responsive documents or records.

*The FBI Properly Applied Privacy Act Exemption (j)(2)*

The Privacy Act generally provides individuals a right of access to records about them maintained in government files unless the records are part of a system of records exempted from individual access. See 5 U.S.C. § 552a(d). Exemption (j)(2) exempts from mandatory disclosure systems of records "maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws." 5 U.S.C. § 552a(j)(2). The records at issue in this case are exempt from disclosure under the Privacy Act pursuant to 5 U.S.C. § 552a(j)(2), in conjunction with 28 C.F.R. § 16.96.

*The FBI Properly Applied FOIA Exemption 3*

Exemption 3 of FOIA protects information that is "specifically exempted from disclosure by statute . . . if that statute—(A)(i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue; or (ii) establishes particular criteria for withholding or refers to particular types of matters to be withheld; and (B) if enacted after the date of enactment of the OPEN FOIA Act of 2009, specifically cites to this paragraph." 5 U.S.C. § 552(b)(3). In this case, the FBI invoked Exemption 3 to withhold records containing federal grand jury information.

*The FBI Properly Applied FOIA Exemption 5*

FOIA Exemption 5 protects "inter-agency or intra-agency memorandum or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). Here, the agency asserts Exemption 5 under Deliberative Process Privilege and Attorney Work Product.

*The FBI Properly Applied FOIA Exemptions 6 and 7(C)*

Exemption 6 permits the withholding of "personnel and medical files and similar files" when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Similarly, Exemption 7(C) permits the withholding of information compiled for law enforcement purposes that "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C).

The FBI invoked Exemption 6 and 7(C) to withhold five different categories of information, including: names and identifying information of FBI personnel; names and identifying information of FBI sources; names and identifying information of other law enforcement personnel; names and identifying information of non-FBI federal government personnel; and names and identifying information of third-parties.

*The FBI Properly Applied Exemption 7(D)*

Exemption 7(D) prevents disclosure of records "compiled by criminal law enforcement authorit[ies] in the course of a criminal investigation" if producing the records "could reasonably be expected to disclose the identity of a confidential source" or "information furnished" by such a source. 5 U.S.C. § 552(b)(7)(D). Here, the FBI asserted Exemption 7(D) to protect the names, identifying information, and information provided by third parties under implied assurances of confidentiality, as well as to protect information provided to the FBI by a local law enforcement agency which obtained information from their own confidential source(s).

*The FBI Properly Applied FOIA Exemption 7(E)*

FOIA Exemption (7)(E) permits withholding of "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . would disclose techniques and procedures for law enforcement investigations

or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). Here, the FBI asserted Exemption 7(E) to protect information within certain records, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions, but only if such disclosure could reasonably be expected to risk circumvention of the law.

*FBI Complied with FOIA's Segregability Requirement*

Under FOIA, if a record contains information exempt from disclosure, any "reasonably segregable," non-exempt information must be disclosed after redaction of the exempt information. 5 U.S.C. § 552(b). Here, where non-exempt information could be segregated from exempt information, the FBI segregated and disclosed the non-exempt information.

For these reasons, Defendant intends to move for summary judgment and request that the Court schedule a pre-motion conference.

Dated: February 23, 2026
        Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:        */s/ Zachary J. Krizel*
        ZACHARY J. KRIZEL
        Assistant United States Attorney
        601 D Street, NW
        Washington, DC 20530
        (202) 252-2518
        Zachary.Krizel@usdoj.gov

*Attorneys for the United States of America*