UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JONATHAN KAGAN-KANS,

Plaintiff,

v.                                                          Civil Action No. 17-1380 (ACR)

DEPARTMENT OF JUSTICE, et al.

Defendants.

**RESPONSE TO DEFENDANTS' PRE-MOTION NOTICE**

FOIA cases are usually routine; this one is not.  Because unredacted comparators exist for many of the records the FBI produced, Plaintiff could test the propriety of the Bureau's redactions line by line.  Across five sworn declarations, the FBI repeatedly maintained its withholdings were proper.  Yet each time, those assurances collapsed once Plaintiff challenged the withholdings with the unredacted text.  And each time, rather than stand by its original position, the agency abandoned scores of exemptions, re-released records, and submitted new declarations insisting that this time it had gotten things right.

Plaintiff lacks unredacted comparators to verify whether Defendants properly withheld hundreds of other records.  But since errors pervaded the materials that *could* be tested, there is no reason to presume accuracy in the remaining redactions and withholdings.  The FBI's evolving search history tells the same story: The Bureau first identified 1,551 pages.  After Plaintiff repeatedly challenged the adequacy of the search, the FBI produced 641 additional records and three videos—despite prior declarations attesting that its efforts were complete.

Since the Court's April 2023 order directing the parties to meet and confer, the parties

have met four times.  Although some issues were resolved or narrowed, core disputes remain.

The agency is still withholding hundreds of documents and still maintains that its exemptions are

accurate and its searches are adequate.  But after years of admitted, documented errors, neither

Plaintiff nor the Court can take the Bureau at its word.  Even in its pre-motion conference

request, the FBI switched course: It now invokes grand jury information as the basis for

Exemption 3, despite previously justifying the same withholdings as pen register records.

*Compare* ECF No. 76 at 2 *with* ECF No. 46 at 10.

Given this history, Defendants are not entitled to summary judgment.  FOIA places the

burden squarely on the agency to show it conducted an adequate search and made proper

withholdings, and any exemptions must be narrowly construed.  *FBI v. Abramson,* 456 U.S. 615,

630 (1982); *Campbell v. DOJ*, 164 F.3d 20, 27, 30 (D.C. Cir. 1998), *as amended* (Mar. 3, 1999).

The court "must analyze all underlying facts and inferences in the light most favorable to the

FOIA requester." *Conservation Force v. Jewell*, 66 F. Supp. 3d 46, 55 (D.D.C. 2014) (cleaned

up).  And an agency earns summary judgment only when it has "fully discharged its FOIA

obligations." *Id*.

Defendants have not done so here.  They offered conclusory recitations of exemption

standards and no case-specific justification for their searches or withholdings.  In its Cross-

Motion for Summary Judgment, Plaintiff will demonstrate:

*First*, Defendants have not conducted an adequate search for records.  The FBI relied

almost exclusively on Central Records System (CRS) index searches, but has not reasonably

shown that CRS is the only place responsive records are likely to be located.  Plaintiff repeatedly

demonstrated errors and limitations in the agency's search method.  Obvious leads about

overlooked materials were ignored: audio tapes of FBI-recorded interviews, a three-dimensional

crime scene reconstruction and associated report, trial exhibits, agents' "desk files," and "working copies" and handwritten notes tied to the FD-302 reports.  Yet the Bureau declined to conduct Electronic Case File (ECF) full-text searches, physical searches of several field offices, or email-repository searches to locate these known records—despite Plaintiff's repeated requests.

The FBI has not provided an adequate description of its search efforts or its "rationale for searching certain locations and not others."  *Defs. of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 92 (D.D.C. 2009).  FOIA requires a reasonable search, not the minimum the agency prefers.  *See, e.g.*, *Negley v. F.B.I.*, 658 F. Supp. 2d 50, 61 (D.D.C. 2009) (denying summary judgment because FBI failed to explain why particular search method would be "fruitless").

***Second***, Defendants have not adequately justified their withholdings.  The FBI applies exemptions inconsistently, invokes them without adequate basis, and has not shown it released all reasonably segregable material.  Plaintiff challenges Exemption 3, 5, 6/7(C), and 7(E).

 • **Exemption 3 (pen registers).**  The FBI withheld 132 records under Exemption 3 but later disclosed all but 13.  That reversal undermines any presumption of proper withholding.

 • **Exemption 5 (deliberative process).**  The FBI withholds parts of Bates 1567, an email between two agents, claiming prosecutorial strategy.  But it has not shown, as it must, how this email contributed to any "agency decision or policy."  *Morley v. CIA*, 508 F.3d 1108, 1127 (D.C. Cir. 2007) (citation omitted).

 • **Exemption 5 (work product).**  The FBI withholds Bates 366 and 368–72 as attorney work product.  The latest *Vaughn* Index states these documents were generated in response to discovery, ECF No. 47 at 12, but prior indices describe these documents as an FBI lab letter "explain[ing] technical procedures" to the prosecutor.  ECF No. 41-2, Exh. I at 20.  Factual technical information is "not attorney work product" and does not fall under Exemption 5.

*ACLU of N. Cal. v. DOJ*, 880 F.3d 473, 485 (9th Cir. 2018).

• **Exemption 6/7(C) (privacy).**  Plaintiff contests redactions of names of FBI agents and other officials.  *See Aguirre v. S.E.C.*, 551 F. Supp. 2d 33, 53 (D.D.C. 2008) ("Information that merely identifies the names of government officials who authored documents and received documents does not generally fall within Exemption 6.") (cleaned up).  And names and narrative facts remain redacted despite their public availability through trial testimony and news coverage.

• **Exemption 7(D) (confidential source).**  Defendants have not shown that certain witnesses qualify for implied confidentiality under *DOJ v. Landano*, 508 U.S. 165, 179–80 (1993).  The FBI's vague descriptions render the exemption "in practice all but irrebuttable." *Id.* at 177; *see also Roth v. DOJ*, 642 F.3d 1161, 1186 (D.C. Cir. 2011) (rejecting conclusory FBI declaration with facts similar to those offered here).

• **Exemption 7(E) (techniques and procedures).**  This exemption only protects *non-public* techniques and procedures.  *Prop. of the People, Inc. v. DOJ*, 539 F. Supp. 3d 16, 28 (D.D.C. 2021).  Yet, the FBI relies on 7(E) to withhold techniques like crime-scene ballistics trajectory rods, undercover operations, and Computer Analysis Response Team processes already in the public domain and that the FBI itself has publicly described.  Courts also have held that revealing law-enforcement techniques from a decades-old investigation does not threaten current operations, and the twenty-year-old investigation at issue here is no different.  *Id*. at 28-29.

*Third*, the FBI's *Vaughn* Index is incomplete and conclusory, often parroting the statute rather than explaining specific withholdings.  Such "broad categorical descriptions" prevent "meaningful review of the agency's decision." *Defs. of Wildlife*, 623 F. Supp. 2d at 89  (cleaned up).

Plaintiff looks forward to addressing these issues at the upcoming pre-motion conference.

Respectfully submitted,

/s/ Kimberly Paige Newberry
KIMBERLY PAIGE NEWBERRY (LA 35937)
Assistant Federal Public Defender
Federal Capital Habeas Project
Federal Public Defender,
      Eastern District of North Carolina
150 Fayetteville Street, Suite 450
Raleigh, NC 27601
Office: (301) 310-9399
Kimberly_Newberry@fd.org


/s/ George G. Kouros
GEORGE G. KOUROS (CT 420813)
Assistant Federal Public Defender
Federal Capital Habeas Project
Federal Public Defender,
      Eastern District of North Carolina
150 Fayetteville Street, Suite 450
Raleigh, NC 27601
Office: (301) 821-0855
George_Kouros@fd.org

*Counsel for Plaintiff Jonathan Kagan-Kans*

Dated: March 3, 2026