**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JONATHAN KAGAN-KANS, *Plaintiff*, v. DEPARTMENT OF JUSTICE, et al., *Defendants*. | Civil Action No. 17-1380 (ACR) |

**JOINT STATUS REPORT**

This case is a Freedom of Information Act (FOIA) suit brought by Plaintiff Jonathan Kagan-Kans against the Federal Bureau of Investigation (FBI) for records concerning the investigation and federal prosecution of several bank robberies and resultant homicide in Ohio.

At the June 29, 2026 premotion conference, the Court ordered the parties to meet and confer within 60 days to address their remaining disputes and to file a joint status report by September 1, 2026. Minute Order (June 29, 2026). After the parties sought an extension, the Court extended the deadline until September 15, 2026. Minute Order (Sept. 4, 2026).

During that conference, the Court directed the FBI to review the remaining challenged documents and verify that they were "withheld or redacted properly." 6/29/06 Tr. at p. 5, lines 14-18. The Court further indicated that, once that review is complete, the FBI will submit the relevant unredacted pages for in-camera, ex parte review. *Id*. at p. 5, lines 4-16.

The Court also ordered the FBI to conduct the following targeted, supplemental searches:

1. Physical searches of the FBI's Cincinnati Field Office (FO) and Columbus Resident Agency (RA), including desks, shelves, and common rooms. *Id*. at 8-9.

2. Electronic Case File (ECF) "full-text" searches for the following materials:
   a. One missing serial (91A-CI-74994 serial 2). *Id*. at 9-10.

b. Chain of custody forms for 14 unaccounted-for mini audiotapes. *Id*. at 10-11.

3. Contact the United States Attorney's Office for the Southern District of Ohio (S.D. Oh.) to determine if it has possession of the unaccounted-for mini audiotapes. *Id*. at 13.

The Court ordered the FBI to provide the following items to Plaintiff:

1. Crime scene reconstruction report. *Id*. at 11.
2. 3D electronic model of the bank. *Id*. at 11-12.
3. Unaccounted-for handwritten notes and working copies of FBI 302 reports. *Id*. at 12.
4. Missing serials from the "zero file," file number 91-A-B-0. *Id*. at 13-14.

The parties conducted a meet-and-confer on July 30, 2026. One week prior to that meeting, Plaintiff provided Defendants' counsel an itemized list of the withholdings still at issue: 225 pages and one video withheld in full, and 117 pages released in part. [1] Plaintiff also conducted an internal review of unredacted materials in his possession and provided Defendants' counsel with unredacted versions of 84 pages and one video that potentially correspond to descriptions of withheld records in the FBI's Vaughn Index. Plaintiff offered to withdraw his challenges to those withholdings if the FBI confirms that the proffered records are identical to the corresponding withheld records. Following the meet-and-confer, Plaintiff conducted an additional internal review and identified 2 more pages for which he may have unredacted counterparts and extended the same offer of withdrawal upon confirmation. Additionally, Plaintiff requested an updated description

[1] Plaintiff identified the following list of withheld in full (WIF) pages as remaining at issue: Bates 145; 269; 270; 306-307; 366; 368-372; 388-389; 465-466; 477-481; 482-485; 607; 608; 682-683; 684-686; 912-914; 923; 970-971; 972-974; 1429; 1430; 1432-1450; 1451-1452; 1453-1456; 1520; 1521; 1580; 1603-1613; 1624-1632; 1634-1649; 1762; 1777-1778; 1786; 1789; 1818-1836; 1839-1854; 1857-1899; 1920-1949; 2004-2007; 2012-2015; 2017; 2031-2038; 2053-2066; 2067-2070; 2116; 2118; and 2119. Plaintiffs also identified the following pages of released in part (RIP) records: Bates 35; 38; 56; 91; 98; 116; 127; 131; 133; 136; 137; 140; 147-148; 158; 193; 194; 224; 232; 234; 244; 246; 275; 276; 305; 315; 317; 320; 327-328; 345; 346; 351-352; 355; 360; 363; 373-374; 383; 411; 454; 458-460; 463-464; 467; 505; 508; 510; 535; 537-538; 629; 681; 1083-1084; 1182; 1184-1187; 1331-1335; 1336; 1337; 1338-1339; 1341-1343; 1352; 1485; 1546; 1557; 1567; 1574; 1614; 1615; 1838; 1856; 1914-1915; 2020; 2021; 2027; 2030; 2039; 2040; 2041; 2042; 2043; 2045-2046; 2047; 2049; 2050; 2051-2052; 2078-2079; 2084; 2085; 2090-2098; and 2117.

for Bates 224, which Plaintiff alleges was inaccurate in the Vaughn Index. Defendants provide the following updated description: Bates 224 is an ACS printout, dated June 22, 2010, which *lists* several serials within file 91A-CI-74994. This list includes date, serial, type of document, who the document was "to" and who the document was "from." For example, "Missing" serial 2 is listed as LAB#050108001 dated January 8, 2005, document type 7-16, going to FBI LAB from Columbus, OH.

On August 14, 2026, Defendants notified Plaintiff that: (1) the FBI had completed its search of the Cincinnati Field Office (CI) and Columbus Resident Agency (CRA), with no findings; (2) Defendants were in the process of coordinating the search for the unaccounted-for tapes with the SDOH; and (3) the FBI cannot conduct an ECF "text search" because the ECF search is an old function of a retired system that FBI is no long able to conduct however, it had reached out to the CI and CRA to search for chain of custody forms which resulted in no findings.

On August 25, 2026, Plaintiff responded to Defendants and requested that the FBI perform full-text searches—consistent with the Court's direction at the June 29 conference, *see* 6/29/06 Tr. at 9-14—using the current system. As of September 15, 2026, FBI represents that it has exhausted all possible means to search via search terms and to search by conducting targeted and manual searches.

In response to the Court's order, Defendant also relays today the following to Plaintiff by way of this Joint Status Report:

- The FBI did not locate serial 2 in file 91A-CI-74994, it was not located in subsequent searches, and on October 13, 2020, the FBI's Lab Division personnel recorded the loss of serial 2 (although this notation was outside the time range of Plaintiff's request, and therefore not responsive to this request).

Upon reviewing the Lab Division's notation, and based upon the description of serial 2, the FBI believes Bates 503, 2138, and 2147 to be copies of the "missing" serial 2.

- Defendant FBI reports that it provided, in its Vaughn Index, the Bates pages it located containing the crime scene reconstruction information. The WIF pages can be located at Bates pages 1762; 1777-1778; 1786; 1789; 1818-1836; 1839-1854; 1857-1899; 2004-2007; 2012-2015; 2017; 2118; and 2119, and the RIP pages can be located at Bates 1838, 1856, and 2117. The FBI is conducting its review of the redactions on these pages, and it will confirm that the redactions are appropriate.
- Regarding the 3D electronic model of the bank, Defendants report that it provided, in its Vaughn Index, the Bates pages it located containing the 3D electronic model of the bank. The WIF pages can be located at Bates 1920-1949; 2004-2007; 2012-2015; 2017; 2118 and 2119.

Regarding the alleged "missing" serials from the "zero" file, FBI reports that a control or zero file generally houses files that are unrelated to one another, which is the case here. Defendants only processed the serial that was responsive to the Plaintiff's FOIA request. The other "missing" serials in that control/zero file are unrelated to the FOIA request at issue here, and as such, were not considered responsive, were not processed, and were not included on the Vaughn Index.

Given the number of remaining items, Defendants sought and received an extension until October 27, 2026, to provide the Court with documents for ex parte, in camera review. *See* ECF No. 79; Minute Order (Aug. 26, 2026). Defendants continue to review the documents at issue (*see supra* FN 1) to verify redactions and to look into the issue of unaccounted-for handwritten notes.

Plaintiff's counsel will review the FBI's September 15th update regarding its supplemental searches and confer with Defendants' counsel regarding the agency's search methods and the adequacy of the searches. Accordingly, the parties propose filing a further Joint Status Report, on or before November 3, 2026, updating the Court on the status of the remaining searches and identifying any outstanding issues that remain.

Dated: September 15, 2026

Respectfully submitted,

*s/ Kimberly Paige Newberry*
KIMBERLY PAIGE NEWBERRY
Assistant Federal Public Defender
Bar ID No. 1011065 (Florida)
Federal Capital Habeas Project
Federal Public Defender
Eastern District of North Carolina
150 Fayetteville Street, Suite 450
Raleigh, NC 27601
Telephone: (301) 310-9399
Kimberly_Newberry@fd.org

*/s/ George G. Kouros*
GEORGE G. KOUROS
Assistant Federal Public Defender
Bar ID No. 420813 (Connecticut)
Federal Capital Habeas Project
Federal Public Defender
Eastern District of North Carolina
150 Fayetteville Street, Suite 450
Raleigh, NC 27601
Office: (301) 821-0855
George_Kouros@fd.org

*Attorneys for Plaintiff Jonathan Kagan-Kans*

JEANINE FERRIS PIRRO
United States Attorney

*/s/ Zachary J. Krizel*
ZACHARY J. KRIZEL,
Ill. Bar #6346175
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
Telephone: (202) 252-2518
Zachary.Krizel@usdoj.gov

*Attorneys for the United States of America*